**In the United States District Court
for the District of Kansas**

Case No. 2:20-cv-02624-TC

Eugene Scalia, Secretary of Labor,
U.S. Department of Labor,

v.

Daniel L. Whitney, et al.

## ORDER

Plaintiff, Eugene Scalia, Secretary of the United States Department of Labor, filed a civil action against individuals and entities that operate multiple employer welfare arrangements, at least some of which are alleged to be subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Doc. 1. The Secretary thereafter filed two motions seeking extraordinary relief: a Motion For Leave to File Under Seal Complaint, Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction, Doc. 4; and a Motion For an *Ex Parte* Temporary Restraining Order and a Preliminary Injunction, Docs. 7 and 8. An *ex parte* hearing occurred on December 11, 2020, to explore the nature of the Secretary's request, evaluate the voluminous written record, and to hear arguments of counsel. For the following reasons, the motions are denied.

With respect to his request for an *ex parte* temporary restraining order, the Secretary fails to satisfy the justifiably weighty standard erected by Federal Rule of Civil Procedure 65(b). *See generally MS Bank S.A. Banco de Cambio v. CBW Bank*, No. 20-4049, 2020 WL 5653264 (D. Kan. Sept. 23, 2020) (discussing the standard for a temporary restraining order). For one thing, the Secretary fails to justify proceeding without defendants' counsel (who are known to the Secretary's counsel), as the arguments and evidence do not satisfy the "immediate and irreparable injury" standard of subsection (b)(1)(A). The Secretary, or his investigators, have been investigating defendants' behavior for more than two years, Doc. 8-3, ¶ 3, and counsel agreed during the hearing that no discernable change in behavior has occurred. Relatedly, the Secretary's delay in seeking this extraordinary relief undermines a claim that the injury described in his pleadings is either irreparable, as

that term is used in subsection (b)(2), or so likely to occur without entry of the sweeping relief being sought. It is difficult to tell at this stage of the proceedings whether the Secretary will ultimately be able to succeed on his claims, but defendants should be given an opportunity to be heard before that determination is made. As a result, the Secretary's request for an *ex parte* temporary restraining order is denied.

Resolution of that request necessarily resolves the request to proceed under seal. Counsel for the Secretary acknowledged at the hearing that the need to proceed under seal depended on and would be over once any order of temporary relief was served on defendants. Because the Secretary has not demonstrated an entitlement to the temporary restraining order, there is no need for proceeding under seal on this showing at this time. As a result, that motion is denied as moot.

The two motions before the Court—Doc. 4 and 7—are denied without prejudice.

IT IS SO ORDERED.


Date:  December 11, 2020          s/ Toby Crouse
                                  Toby Crouse
                                  United States District Judge

2