**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **AL STEWART,[1] Secretary of Labor,** ) | |
| **U.S. DEPARTMENT OF LABOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 2:20-cv-02624-TC-ADM** |
| **v.** ) | |
| ) | |
| **DANIEL L. WHITNEY, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants Daniel L. Whitney, Michelle Willson, Medova Healthcare Financial Group,

LLC, Midlands Casualty Insurance Company, Inc., Just Diabetic Supplies, LLC, Advent Health

Services, LLC d/b/a DirectHealth, Benison Capital Advisors, Inc., Patrick Enterprises, Inc.,

Lifestyle Health Plans Group Benefit Program, Lifestyle Health Plans – Level Funded Group

Benefits, Level Funded Lifestyle Self-Insured Health Plan, and Lifestyle Health Plans

(collectively "Defendants") by and through counsel of record, provide the following as their

answer and affirmative defenses to the Complaint ("Complaint") filed by Plaintiff.

**INTRODUCTION**

1.      Paragraph 1 states a legal conclusion to which no response is required.  To the

extent a response is deemed required, Defendants deny the allegations contained in Paragraph 1

of the Complaint.

2.      Defendants lack sufficient information to admit or deny the allegations contained

in Paragraph 2 of the Complaint, and therefore deny.  With respect to footnote 1 contained there,

---

[1] This action was commenced in the name of Eugene Scalia, Secretary of the Department
of Labor. Mr. Scalia is now the former Secretary of Labor and Milton Al Stewart is now the
Acting Secretary. Therefore, Mr. Stewart is being automatically substituted for Mr. Scalia as the
Plaintiff, pursuant to Fed. R. Civ. P. 25(d), and the caption of this action is amended accordingly.

Defendants admit that certain of the employer-sponsored healthcare plans for which Medova serves as a third-party administrator are not ERISA-covered plans.

3.      Denied.

4.      Denied.

5.      Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## BACKGROUND

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Defendants deny Plaintiff is entitled to the relief requested or to any other relief.

## JURISDICTION AND VENUE

14.     Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

2

15.     Defendants admit the Court has subject matter jurisdiction over the claims as they pertain to ERISA-covered employee benefit plans.  Defendants deny Plaintiff is entitled to any relief as Defendants deny they operate a MEWA.  Defendants further deny the allegations in the second sentence of Paragraph 15.

16.     Defendants admit this is the proper venue for this dispute.  Defendants further admit that Defendant Medova is headquartered in Wichita, Kansas, and that Defendants Whitney and Willson also reside in this district. Defendants deny any "breaches" have occurred and therefore deny the allegations in the last sentence of paragraph 16.

## PARTIES

17.     Paragraph 17 states a legal conclusion to which no response is required. Defendants admit the Secretary is vested with certain authority to enforce Title I of ERISA.  To the extent the allegations in Paragraph 17 referencing statutes may mischaracterize or misstate those statutes' terms, Defendants respectfully refer the Court to the language contained therein.

18.     Denied.

19.     Defendants admit that Medova Healthcare Financial Group, LLC, is a Kansas limited liability company. Defendants further admit that Defendants Whitney and Willson own a 62.6% and 10% ownership interest in Medova, respectively. Defendants further admit Medova is a fiduciary of the ERISA-covered plans for which it provides third party administrator services. Defendants deny the remainder of the allegations in Paragraph 19.

20.     Defendants admit that Daniel L. Whitney is a resident of Kansas. Defendants admit that Defendant Whitney is the President and CEO of Medova and owns a majority of it. Defendants deny the remainder of the allegations in Paragraph 20.

21.     Defendants admit that Defendant Michelle Willson is a resident of Kansas. Defendants admit that Defendant Willson is the COO & Executive Director of Physician

3

Services at Medova and owns 10% of it. Defendants deny the remainder of the allegations in Paragraph 20.

22.     Defendants admit that Defendant Midlands Casualty Insurance Company, Inc. ("MCIC") was incorporated in Hawaii on or about February 12, 2015, as a wholly-owned subsidiary of Medova. Defendants further admit that Medova currently owns 67% of MCIC, and Defendant Willson has a 10% direct ownership interest in MCIC. Defendants further admit that MCIC is a captive insurer. Defendants deny the remaining allegations contained in Paragraph 22.

23.     Defendants admit that Defendant Advent Health Services, LLC, doing business as DirectHealth ("Advent"), was incorporated in Kansas on or about March 24, 2003.  Defendants further admit that Defendants Whitney and Willson each indirectly own a 50% interest in Advent.  Defendants deny the remainder of the allegations in Paragraph 23.

24.     Defendants admit that Defendant Just Diabetic Supplies, LLC ("JDS") was incorporated on or about December 8, 2012, in Kansas. Defendants deny the remainder of the allegations in Paragraph 24.

25.     Defendants admit that Defendant Benison Capital Advisors, Inc. ("Benison Capital") was incorporated in Kanas on or about April 26, 2016. Defendants further admit that Whitney is a director and sole owner of Benison Capital. Defendants deny the remainder of the allegations in Paragraph 25.

26.     Defendants admit that Patrick Enterprises, Inc. ("Patrick Enterprises") was incorporated in Kansas on or about June 22, 2017. Defendants further admit that Willson is a director and sole owner of Patrick Enterprises. Defendants deny the remainder of the allegations in Paragraph 26.

### GENERAL ALLEGATIONS

#### 1.     *The Medova MEWA is a Multiple Employer Welfare Arrangement*

4

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendants admit that employers for whom Medova provides third-party administrative services obtain stop-loss insurance coverage.  Defendants admit that Paragraph 30 generally describes how such coverage works for certain plans, but deny Paragraph 30 accurately describes every plan for which Medova provides third-party administrative services.  Defendants further deny they are or have ever been a MEWA.

31.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint and therefore deny the same. Defendants further deny that contributions have been transferred to a MEWA.

## 2.     *Marketing and Enrollment in the Medova MEWA*

32.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint and therefore deny the same. Defendants further deny they are or have ever been a MEWA.

33.     Defendants deny they are or have ever been a MEWA.  Defendants admit that employer clients for whom Medova provides third-party administrator services sign agreements that are not attached to the Complaint related to those services.  Defendants deny the remainder of the allegations in Paragraph 33.

34.     Defendants admit providing the employer plan sponsors an Employee Benefits Booklet and "Attachment #1," that are not attached to the Complaint, depending on the plan selected by the employer, which were intended to serve as the summary plan description and "wrap" document.  Defendants deny the remainder of the allegations in Paragraph 34.

## 3.     *Contributions to the Medova MEWA*

5

35. Defendants deny they are or have ever been a MEWA. Defendants admit that Paragraph 35 describes what generally happens in connection with plans for which Medova provides third-party administrator services.

36. Paragraph 36 references documents which are not attached to the Complaint. Defendants respectfully refer the Court to those documents for their terms and deny any allegations in Paragraph 36 inconsistent with those documents' terms.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### 4. *Unpaid Claims*

41. Paragraph 41 refers to responsibilities and authorities governed by the terms of certain contracts which are not attached to the Complaint. Defendants respectfully refer the Court to those documents for their contents and deny any allegations in Paragraph 41 inconsistent with those documents' terms. Defendants further deny the last sentence of Paragraph 41.

42. Denied.

43. Denied.

44. Defendants admit that Defendant Medova was named as a party in the three enumerated lawsuits but deny the remaining allegations in Paragraph 44 and deny that the lawsuits involve any allegations related to the existence of a MEWA.

45. Defendants admit that they have not filed any Forms M-1 with the Secretary as they deny that they are or have ever been a MEWA. Defendants deny the remaining allegations in Paragraph 45.

6

46.     Defendants admit that the Medova Defendants and Defendant MCIC have been the subject of audits and investigations by state regulatory agencies but deny that they are currently subject to several such audits and investigations. Defendants admit that a Cease and Desist Order and Notice was issued by the Director of the Department of Insurance, State of Idaho with respect to Defendants Medova, MCIC, and Whitney. Defendants deny that the Idaho Department of Insurance denied a license. Paragraph 46 references a document which is not attached to the Complaint. Defendants respectfully refer the Court to that documents for its terms. As to the remaining allegations in Paragraph 46, Defendants lack sufficient information to admit or deny and therefore deny the same.  Further responding, Defendants state that as a third-party administrator, it is often the subject of audits and investigations by state regulatory agencies due to the nature of its business, and those audits and investigations have generally not resulted in any administrative action. Further responding, Defendants state that Defendants are currently registered in the State of Idaho.

## COUNT ONE
## THE MEDOVA DEFENDANTS ARE FAILING TO KEEP PLAN ASSETS IN TRUST

47.     Defendants' responses to Paragraphs 1 through 46 above, are incorporated by reference.

48.     Defendants deny they are or ever have been a MEWA.  Defendants admit the employers for whom Medova provides services enter into certain agreements that are not attached to the Complaint.  Defendants respectfully refer the Court to those documents for the terms contained therein and deny any allegations in Paragraph 48 inconsistent with those terms. Defendants further deny Plaintiff is entitled to any relief for claims based on allegations of conduct occurring prior to the relevant statutory limitations period(s).

7

49.     Defendants admit the employers for whom Medova provides services enter into certain agreements that are not attached to the Complaint.  Defendants respectfully refer the Court to those documents for the terms contained therein and deny any allegations in Paragraph 49 inconsistent with those terms. Defendants further deny Plaintiff is entitled to any relief for claims based on allegations of conduct occurring prior to the relevant statutory limitations period(s).

50.     The allegations in Paragraph 50 are premised on the language of contracts that are not attached to the Complaint.  Defendants respectfully refer the Court to those documents for the terms contained therein and deny any allegations in Paragraph 50 inconsistent with those terms.  Defendants further deny the remainder of the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are premised on the language of contracts that are not attached to the Complaint.  Defendants respectfully refer the Court to those documents for the terms contained therein and deny any allegations in Paragraph 51 inconsistent with those terms. Defendants further deny Plaintiff is entitled to any relief for claims based on allegations of conduct occurring prior to the relevant statutory limitations period(s). Defendants further deny the remainder of the allegations in Paragraph 51.

52.     Defendants admit certain Claim Fund Accounts were established in 2019. Defendants deny the remainder of the allegations contained in Paragraph 52, or that any allegations in Paragraph 52 entitle Plaintiff to any relief.

53.     Denied.

54.     Defendants deny Plaintiff is entitled to any relief for claims based on allegations of conduct occurring prior to the relevant statutory limitations period(s).  Defendants further deny the allegations in Paragraph 54.

8

55.     Defendants deny Plaintiff is entitled to any relief for claims based on allegations of conduct occurring prior to the relevant statutory limitations period(s).  Defendants further deny the allegations in Paragraph 55.

56.     Denied.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint, including all sub-parts of Paragraph 57.

58.     Denied.

59.     Denied.

**COUNT TWO**
**THE MEDOVA DEFENDANTS ARE FAILING TO PAY CLAIMS AND FAILING TO DISCLOSE MEDOVA'S INADEQUATE PLAN FUNDING TO EXISTING AND NEW PARTICIPATING PLANS**

60.     Defendants' responses to Paragraphs 1 through 59 above, are incorporated by reference.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint, including all sub-parts of Paragraph 66.

67.     Denied.

## COUNT THREE
## DEFENDANTS MEDOVA AND WHITNEY ALLOCATED INSUFFICIENT PREMIUM DOLLARS FOR CLAIMS FUNDING

68.     Defendants' responses to Paragraphs 1 through 67 above, are incorporated by reference.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint, including all sub-parts of Paragraph 72.

73.     Denied.

74.     Denied.

## COUNT FOUR
## THE MEDOVA DEFENDANTS ARE IMPROPERLY TRANSFERRIN PLAN ASSETS TO ADVENT

75.     Defendants' responses to Paragraphs 1 through 74 above, are incorporated by reference.

76.     Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations.  Defendants admit that some funds were paid to Advent for services rendered to ERISA-covered plans for which Medova provided third-party administrator services.  Defendants deny any such payments were improper and further deny the remainder of the allegations in Paragraph 76.

77.     Denied.

78.     Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations. Defendants admit

10

certain payments were made by Advent to Medova, but deny the remainder of the allegations in Paragraph 78.

79.     Denied.

80.     Denied.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint, including all sub-parts of Paragraph 81.

82.     Denied.

83.     Denied.

84.     Denied.

**COUNT FIVE**
**THE MEDOVA DEFENDANTS ARE INMPROPERLY TRANSFERRING PLAN ASSETS TO JDS**

85.     Defendants' responses to Paragraphs 1 through 84 above, are incorporated by reference.

86.     Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations. Defendants admit that some funds were paid to JDS for services rendered to ERISA-covered plans for which Medova provided third-party administrator services.  Defendants deny any such payments were improper and further deny the remainder of the allegations in Paragraph 86.

87.     Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations.  Defendants admit that periodically Defendant Whitney has received member draws from JDS but denies any such draws were improper or are relevant to any of the issues in dispute in this matter.

88.     Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations. Defendants admit

11

certain payments were made by JDS to Medova, but deny the remainder of the allegations in Paragraph 88.

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint, including all sub-parts of Paragraph 89.

90.    Denied.

91.    Denied.

92.    Denied.

**COUNT SIX**
**THE MEDOVA DEFENDANTS ARE IMPROPERLY TRANSFERRING PLAN ASSETS TO MCIC**

93.    Defendants' responses to Paragraphs 1 through 92 above, are incorporated by reference.

94.    Defendants deny Plaintiff is entitled to relief on any claims based on allegations of conduct occurring prior to the relevant statutory periods of limitations. Defendants admit that some premiums were paid to MCIC for aggregate stop-loss coverage related to ERISA covered plans for which Medova has provided third-party administrative services, but deny the remainder of the allegations in Paragraph 94.

95.    Denied.

96.    Defendants admit that MCIC has participated in Quota Share Agreements with other carriers and respectfully refers the Court to those agreements for the terms contained therein.  Defendants deny any allegations in Paragraph 96 inconsistent with those terms.

97.    Admit.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint, including all sub-parts of Paragraph 98.

99.    Denied.

100.    Denied.

## COUNT SEVEN
## THE MCIC DEFENDANTS ARE IMPROPERLY USING PLAN ASSETS IN THE
## MEDOVA ACCOMODATION FUND TO PAY THE CLAIMS OF OTHER
## PARTICIPATING PLANS

101.    Defendants' responses to Paragraphs 1 through 100 above are incorporated by reference.

102.    Denied.

103.    Denied.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint, including sub-parts.

105.    Denied.

106.    Denied.

## COUNT EIGHT
## THE MEDOVA DEFENDANTS ARE FAILING TO COMPLY WITH ERISA
## REPORTING REQUIREMENTS

107.    Defendants' responses to Paragraphs 1 through 106 above are incorporated by reference.

108.    Defendants admit they have not filed a Form M-1 annually because they have never operated as a MEWA and therefore no such filing is required.  Defendants deny the remainder of the allegations in Paragraph 108.

## PRAYER FOR RELIEF

WHEREFORE Defendants deny Plaintiff is entitled to any requested relief, (or any other relief this Court may grant) following the WHEREFORE clause.

109.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 109.

110.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 110.

111.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 111.

112.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 112, and/or any sub-parts contained in Paragraph 112, particularly in light of the Consent Order which the parties have moved this Court to enter.

113.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 113.

114.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 114.

115.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 115.

116.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 116.

117.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 117.

118.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 118.

119.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 119.

120.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 120.

121.    Defendants deny that Plaintiff is entitled to any requested relief in Paragraph 121.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants further plead the following defenses to the claims contained in the Complaint:

1.    Some or all of the claims alleged in the Complaint fail to state a claim upon which relief may be granted against Defendants.

2.    Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

14

3.      Defendants deny they engaged in any wrongful or unlawful conduct and deny Plaintiff is entitled to any legal and/or equitable relief against any Defendant.

4.      Some or all of Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel, ratification, or unclean hands.

5.      Some or all of Plaintiff's claims are barred in whole or in part because Plaintiff has failed to add necessary or indispensable parties.

6.      Some or all of Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust available administrative remedies.

7.      Some or all of Plaintiff's claims are barred in whole or in part because Plaintiff has failed to comply with the Administrative Procedures Act.

8.      Some or all of Plaintiff's claims are barred in whole or in part because all benefits promised to participants under the various plans have been paid or otherwise provided.

9.      Some or all of Plaintiff's claims are barred in whole or in part because no party has suffered any actionable damages.

10.     Defendants reserve the right to raise additional defenses of which they may become aware during the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants deny Plaintiff is entitled to relief on any of the claims alleged and prays Plaintiff's Complaint be dismissed with prejudice.

15

Respectfully submitted,

POLSINELLI PC

By:  */s/ Lauren E. Tucker McCubbin*
LAUREN E. TUCKER MCCUBBIN  (#21960)
AMBER J. SIMON (#27280)
900 W. 48th Place, Suite 900
Kansas City, MO  64112-1895
816-753-1000
Fax:  816-753-1536
ltucker@polsinelli.com
asimon@polsinelli.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served (_X_) electronically via the Court's notification system; (____) by United States Mail, postage prepaid; (____) by E-mail; and/or (____) by Hand Delivery this 5th day of March, 2021, to:

Traci Martin, Esq.
Usha Rengachary, Esq. (admitted *pro hac vice*)
US Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, MO  64108
816-285-7260
Fax:  816-285-7287
martin.traci.e@dol.gov
rengachary.usha@dol.gov

and

Elena S. Goldstein, Deputy Solicitor
Christine Z. Heri, Regional Solicitor
Evert Van Wijk, Associate Regional Solicitor

ATTORNEYS FOR PLAINTIFF

*/s/ Lauren E. Tucker McCubbin*

680312-75953426.6