**In the United States District Court
for the District of Kansas**

---

Case No. 2:20-cv-02624-TC-ADM

---

MARTIN J. WALSH, SECRETARY OF LABOR,
U.S. DEPARTMENT OF LABOR,

*Plaintiff*

v.

DANIEL L. WHITNEY, ET AL.,

*Defendants*

---

## ORDER

WHEREAS, the above-captioned action has been filed pursuant to the Secretary of Labor's authority under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging fiduciary violations resulting in the failure of Medova Healthcare Financial Group, LLC ("Medova"), to pay claims incurred by employee benefit plans administered by the Independent Fiduciary ("Plans"); and

WHEREAS, on March 18, 2021, the Court appointed Receivership Management, Inc., to serve as an independent fiduciary ("Independent Fiduciary") to administer the Plans; and

WHEREAS, the Court has entered an Order giving the Independent Fiduciary control over the Plans' assets; and

WHEREAS, litigation and collection activities are pending or are anticipated against against Daniel L. Whitney, individually, and Michelle Willson, individually; Medova; its Lifestyle Health Plans;[1]

---

[1] These plans include the Lifestyle Health Plans Group Benefit Program, Lifestyle Health Plans – Level Funded Group Benefits, Level Funded Lifestyle Self-Insured Health Plan, and Lifestyle Health Plans.

1

Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; Patrick Enterprises, Inc.; the Independent Fiduciary; the Plans; any Plan assets; or any of the Plans' participants or beneficiaries relating to unpaid benefit claims; and

WHEREAS, the Court deems it necessary to avoid, to the extent possible, any unnecessary drain of the Plans' assets that would result from litigation involving these Defendants, the Independent Fiduciary, the Plans, and the assets, participants, and beneficiaries of the Plans; and

WHEREAS, the Court deems it necessary to protect, to the extent possible, the participants and beneficiaries from litigation and collection activities relating to unpaid claims; and

WHEREAS, the Court is vested with the authority to stay and enjoin actions in aid of its jurisdiction over this action by the All Writs Act, 28 U.S.C. § 1651, including litigation seeking to collect assets of the Plans and collection activities by health care providers against Daniel L. Whitney, individually, and Michelle Willson, individually; Medova; its Lifestyle Health Plans; Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; Patrick Enterprises, Inc.; the Independent Fiduciary; the Plans; any Plan assets; or any of the Plans' participants or beneficiaries relating to unpaid benefit claims;

WHEREAS, the authority conferred by the All Writs Act "extends, under appropriate circumstances, to persons, who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice," *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977);

WHEREAS, the Anti-Injunction Act, 28 U.S.C. § 2283, does not bar the Court from issuing injunctions as to pending state court proceedings because the injunction is necessary in aid of this Court's jurisdiction. Injunctions against state court actions are proper pursuant to this exception to the Anti-Injunction Act, even during *in personam* proceedings, where the proceeding before the court is "the virtual equivalent of a res over which the district court requires full control," *Wyly v. Weiss*, 697 F.3d 131, 138 (2d Cir. 2012) (quoting *In re Baldwin United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985));

IT IS HEREBY ORDERED that:

1.   All state court, federal court, administrative, or arbitration actions against Daniel L. Whitney, individually, and Michelle Willson, individually; Medova; its Lifestyle Health Plans; Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; Patrick Enterprises, Inc.; the Independent Fiduciary; the Plans; any Plan assets; or any of the Plans' participants or beneficiaries relating to unpaid benefit claims incurred by the Plans and their participants and beneficiaries, whether filed by or on behalf of participants, participating employers, health care providers, collection agencies, or others, are hereby stayed and enjoined pending the final disposition of this action, or until further order of this Court.

2.   All collection activities against Daniel L. Whitney, individually, and Michelle Willson, individually; Medova; its Lifestyle Health Plans; Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; Patrick Enterprises, Inc.; the Independent Fiduciary; the Plans; any Plan assets; or any of the Plans' participants or beneficiaries relating to unpaid benefit claims are hereby enjoined pending the final disposition of this action, or until further order of this Court.

3.   Except as set forth in Paragraphs 11 and 12, all health care providers, collection agencies, Plan participants or beneficiaries, participating employers, or other persons having actual knowledge of this Order are enjoined from filing, prosecuting, or enforcing any state or other federal court action or taking any collection action against Daniel L. Whitney, individually, and Michelle Willson, individually; Medova; its Lifestyle Health Plans; Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; Patrick Enterprises, Inc.; the Independent Fiduciary; the Plans; any Plan assets; or any of the Plans' participants or beneficiaries for payment of monies that constitute liabilities or allowable charges against the Plans, including, but not limited to, related claims for attorneys' fees, costs, and other demands, pending the final disposition of this action or until further order of this Court.

4.   All known creditors of the Plans, collection or credit reporting agencies, and their agents are prohibited from making or continuing to make any adverse credit reports regarding participants or beneficiaries

of the Plans for nonpayment of monies from health claims, while they participated in or were covered by the Plans.

5. The Independent Fiduciary shall cause a copy of this Order to be served by United States mail or electronic mail upon all employer sponsors of the Plans. The Plans' sponsors shall cause a copy of this Order to be served by United States mail or electronic mail upon all participants and beneficiaries of their respective Plans.

6. The Independent Fiduciary shall cause a copy of this Order to be served by United States mail or electronic mail upon all persons or entities of which it is or becomes aware are parties to any litigation stayed or enjoined by this Order.

7. The Independent Fiduciary shall cause a copy of this Order to be served by United States mail or electronic mail upon all known or discovered creditors of the Plans, participants, and beneficiaries, and any collection or credit reporting agencies and their agents, who may be affected by this Order.

8. The Independent Fiduciary shall keep a record, available for review by the Court, of the names and addresses of all individuals and entities served pursuant to paragraphs 5, 6, and 7 of this Order.

9. Excluded from this Order are any actions, whether legal, equitable, or administrative in nature, by the Secretary of Labor or any other federal governmental authority and any state or state agency.

10. This Order expressly applies to any actions, whether legal, equitable, or administrative in nature against individual defendants Daniel L. Whitney and Michelle Willson, in their individual capacity. Excluded from this Order are any actions, whether legal, equitable, or administrative in nature, against the owners, officers, or agents of Defendants Midlands Casualty Insurance Company, Inc.; Just Diabetic Supplies, LLC; Advent Health Services, LLC d/b/a DirectHealth; Benison Capital Advisors, Inc.; or Patrick Enterprises, Inc., in their individual capacities.

11. In any action stayed by this Order, Defendants shall and hereby do agree that any applicable statutes of limitations that have not run as of the date of the entry of this Order are tolled and/or waived and any defenses related to said statutes of limitation are tolled and/or waived with respect to the time period this Order is in effect.

    12. This Order does not preclude the filing and service of any lawsuit in any court of competent jurisdiction for the purpose of preserving said party's claim (even if that party has knowledge of this Order), but any action filed after the entry of this Order is also to be stayed from proceeding, pursuant to the All Writs Act, 28 U.S.C. § 1651.

    13. Any objections to this Order shall be filed with the Court and served upon the parties herein within five business days of receipt of this Order.

Date:  June 3, 2021                         s/ Toby Crouse  
                                              Toby Crouse  
                                              United States District Judge